UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-61762-CIV-ALTMAN/HUNT

QUESHI JOHNSON,

       Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner for Social Security,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Parties' Cross Motions for Summary Judgment. ECF Nos. 21, 23. The Honorable Roy K. Altman, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for a Report and Recommendation. *See* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions, a reply, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Defendant's Motion for Summary Judgment, ECF No. 23, be GRANTED and that Plaintiff's Motion for Summary Judgment, ECF No. 21, be DENIED.

## BACKGROUND

Queshi Johnson ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on December 19, 2019, alleging disability beginning on June 1, 2016. ECF No. 12-2 at 23. The Social Security Administration ("SSA") denied her claim at the initial and reconsideration levels. *Id.* A hearing on Plaintiff's disability claim took place on January

27, 2022. *Id.* An Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim on February 11, 2022. *Id.* at 32. The Appeals Council denied Plaintiff's request for review of the ALJ's unfavorable decision on August 16, 2022. *Id*. at 2. Plaintiff now seeks judicial review of the ALJ's decision.

## Social Security Framework

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functioning capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2016. ECF No. 12-2 at 26. At step two, the ALJ found that Plaintiff had the following combination of severe impairments: symptomatic HIV, chronic heart failure, ischemic heart disease, peripheral neuropathy, degenerative joint disorder, spine disorders, and loss of central visual acuity. *Id*. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404. *Id.* at 28. At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with some exceptions. *Id.* at 29. The ALJ determined that Plaintiff could perform past relevant work

2

as a customer service representative and data entry clerk, and as a result found that Plaintiff was not disabled. *Id.* at 31.

## **STANDARD OF REVIEW**

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)). Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews de novo. *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence. *See Crawford*, 363 F.3d at 1158–59.

## ANALYSIS

Plaintiff contends that the ALJ erred by not addressing an apparent conflict between her visual limitations and the requirements of her past two jobs as those jobs are defined in the Dictionary of Occupational Titles ("DOT").

At issue are Dr. John Gabriel's findings regarding Plaintiff's "blind left eye." Gabriel, according to Plaintiff, found that she was "'limited' in her ability to perform any work that requires (1) near acuity, (2) far acuity, (3) depth perception, (4) field of vision, (5) visual accommodation, and (6) color vision because of her left eye blindness." ECF No 21 at *5. Plaintiff points out that the ALJ relied on Dr. Gabriel's opinion to support the RFC finding, and thus appears to have made an implicit finding that Dr. Gabriel's opinion was persuasive.[1] If the opinion was persuasive, Plaintiff argues, the ALJ was required when making the RFC determination to address Dr. Gabriel's specific assessments or explain why they were not considered.

This is important, according to Plaintiff, because, relying on the testimony of an impartial vocational expert ("VE"), the ALJ found Plaintiff could purportedly perform her past jobs of customer service representative, DOT 241.367-014, and data entry clerk, DOT 203.582-054, both of which require near acuity and visual accommodation to some extent. This creates a conflict, according to Plaintiff, that puts the finding at odds with the

---

[1] Plaintiff notes that if this Court finds that the ALJ did not implicitly find Dr. Gabriel's opinion persuasive, then the ALJ failed to make a required finding pursuant to 20 C.F.R. § 404.1520c, which obligates the ALJ to determine which medical opinions and/or prior administrative medical findings meet a threshold requirement of being "persuasive" by assessing the "most important factors" of consistency and supportability. 20 C.F.R. § 404.1520c(a). If so, then Plaintiff asserts this Court is required to remand the case to allow the ALJ to properly assess Dr. Gabriel's findings. As this Court finds that the ALJ accurately accounted for Dr. Gabriel's findings, no such remand is necessary.

Eleventh's Circuit's decision in In *Washington v. Comm'r of Soc. Sec.*, where the Court held that an ALJ has an affirmative duty to determine whether the vocational expert's testimony conflicts with the information provided in the DOT.  905 F.3d 1353, 1362 (11th Cir. 2018).  Should a conflict exist, the ALJ has an absolute obligation to obtain a reasonable explanation for the apparent conflict. *Id.*  Plaintiff contends that the ALJ erred by not fully taking Dr. Gabriel's assessments regarding Plaintiff's limitations into account, or at least explaining why he did not do so.

Defendant responds that there was no reason for the ALJ to resolve an apparent conflict for the simple reason that there was no conflict to resolve.[2]  Defendant argues that Plaintiff is attempting to create a conflict between the DOT's job descriptions and restrictions that the ALJ did not assess Plaintiff as suffering.   Specifically, Defendant argues that Plaintiff misinterprets Dr. Gabriel's findings as limiting her to not performing any work that required near acuity, far acuity, depth perception, field of vision, visual accommodation, and color vision.

Defendant contends that Dr. Gabriel only found Plaintiff suffered from said limitations in her left eye and did not find that Plaintiff could not engage in activities that involved near acuity, far acuity, depth perception, field of vision, visual accommodation, and color vision with her right eye.  Nor did the ALJ find she had visual limitations overall, Defendant argues. Therefore, according to Defendant, the ALJ's RFC assessment and

---

[2]   Defendant also argues that Plaintiff did not challenge the ALJ's RFC finding and has waived the issue.  Likewise, Plaintiff in reply asserts that Defendant has failed to respond meaningfully to Plaintiff's arguments, and thus the Court should consider those issues waived.  The undersigned disagrees with both Parties and therefore addresses the arguments and counterarguments on the merits.

hypothetical were correct, as they limited Plaintiff to never performing jobs requiring binocular vision with the left eye.

Defendant also argues that no conflict exists because the DOT does not actually address Plaintiff's alleged visual limitations, and therefore the ALJ did not commit error by relying on the VE's expertise. Further, Defendant contends that the ALJ's findings that Plaintiff could perform the jobs as she actually performed them, as opposed to the DOT's general description, was not error.

Plaintiff replies that the limitations she asserts come directly from administrative findings describing limited abilities. She asserts that both of Plaintiff's past jobs require constant near acuity and visual accommodation, which the ALJ did not account for, and therefore the case should be remanded for further findings.

The questions before this Court are relatively simple. First, what, according to the record, were Dr. Gabriel's findings? Second, did the ALJ appropriately account for those findings? Finally, were there any conflicts between the VE's testimony and the DOT, and, if so, did the ALJ properly address them?

As for the first, Plaintiff contends Dr. Gabriel found that she was "'limited' in her ability to perform any work that requires (1) near acuity, (2) far acuity, (3) depth perception, (4) field of vision, (5) visual accommodation, and (6) color vision because of her left eye blindness." ECF No 21, at *5, citing ECF No. 12-3 at 55-56. Looking at the assessment cited, it appears that Defendant is correct that Plaintiff may slightly overstate the findings. Although Dr. Gabriel did find that Plaintiff had visual limitations, those limitations applied only to her left eye. Indeed, although Plaintiff's left eye vision was "limited to never," Plaintiff's right eye vision was found to be 20/20. ECF No. 12-3 at 55-

56; *see also* ECF No. 12-2 at 27 ("At the ophthalmologic consultative exam (CE) in July 2020, Alan Lane, M.D. determined the claimant is blind in the left eye but had 20/20 near and distance vision in the right eye.") (citing ECF No. 12-7 at 102). The undersigned finds a more accurate description of Dr. Gabriel's findings would be that she was limited in her ability to perform any work that requires near acuity, far acuity, depth perception, field of vision, visual accommodation, and color vision *with her left eye*.

As for whether the ALJ properly accounted for those findings, Plaintiff's RFC was defined in relevant part as "never perform[ing] jobs requiring binocular vision with the left eye." ECF No. 12-2 at 29. In doing so, the ALJ noted that he made the finding after considering "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," as well as "the medical opinion(s) and prior administrative medical findings." ECF No. 12-2 at 29-30. The undersigned finds no error in the ALJ's findings, given Dr. Gabriel's assessment of issues with only Plaintiff's left eye.

The undersigned now turns to whether there was a conflict between the VE's finding that Plaintiff could return to her former job as a customer service representative or data entry clerk. As Plaintiff points out, the customer service representative job occasionally requires near acuity and visual accommodation, and the data entry clerk job requires constant near acuity and visual accommodation. Plaintiff argues that such requirements are in clear conflict with Plaintiff's visual limitations.

In his hypothetical to the VE the ALJ posited a claimant who "is also blind in the left eye, such that she is limited to jobs not requiring binocular vision – so jobs that she can do with vision in only one eye." ECF No. 12-2 at 67. The VE testified that the jobs

of customer service representative and data entry clerk would remain open to the hypothetical claimant, and further testified that the DOT does not address blindness in on eye.  ECF No. 12-2 at 67-68.

As a court in the Middle District of Florida recently noted, it is not error for a Plaintiff with "monocular vision and is blind in the right eye" to be limited "to positions requiring frequent or less in depth perception, field of vision, near acuity, and far acuity" and "to positions requiring occasional or less accommodation as defined in the DOT." *Cruz v. Kijakazi*, No. 8:22-CV-1502-AEP, 2023 WL 5217189, at *5 (M.D. Fla. Aug. 15, 2023).  At the very least, there appears to be no conflict with Plaintiff's visual limitations and the job of customer service representative as defined by the DOT, as monocular vision does not preclude jobs that occasionally require near acuity and visual accommodation.  Therefore, even were this Court to find that it was error to find Plaintiff could return to her job as a data entry clerk,[3] such error would be harmless as she could nonetheless perform her prior job as a customer service representative.

Plaintiff cites four cases to support her argument for remand. The undersigned finds these cases are readily distinguishable.  In *Pooley v. Comm'r of Soc. Sec.*, for

---

[3]  The undersigned notes that there is evidence in the record that Plaintiff believed she could perform her past relevant work as a data entry clerk despite her visual problems.  Indeed, Plaintiff testified that that the reason she was not able to return to her former work was "severe neuropathy," causing an inability to write or type to the degree necessary.  ECF No. 12-2 at 52.  She mentioned nothing about her vision.  This too could have been relied on by the ALJ to support his findings. *Flores v. Kijakazi*, No. 8:22-CV-958-WFJ-AEP, 2023 WL 6782270, at *8 (M.D. Fla. Aug. 14, 2023), *report and recommendation adopted*, No. 8:22-CV-958-WFJ-AEP, 2023 WL 5697385 (M.D. Fla. Sept. 5, 2023) ("[T]he regulations anticipate the Commissioner's reliance on evidence beyond the DOT and the potential for a claimant's past relevant work to be different than as generally performed in the national economy.").

instance, it was error for an ALJ to fail to address a conflict in VE testimony that found a plaintiff who could not read fine print could perform jobs that require near acuity. No. 8:20-CV-393-T-JSS, 2021 WL 9000382, at *4 (M.D. Fla. Jan. 19, 2021). Here, the visual limitations, supported by the record, would limit Plaintiff at most to occasional near acuity, a limitation with which the VE's assessment conformed for at least one prior job. In *Burton v. Berryhill*, the ALJ failed to account for medical findings that demonstrated the plaintiff did not have useful binocular vision in all directions for distance or near due to extremely reduced vision in the plaintiff's left eye. No. CV 16-00210-N, 2017 WL 1957030, at *7 (S.D. Ala. May 10, 2017). Here, there is no such medical finding regarding near or distance limitations, and what limitations were found were adequately addressed. *Wright v. Berryhill*, also cited by Plaintiff, concerned an ALJ who failed to include limitations regarding a plaintiff with visual problems in both eyes. No. 8:17-CV-650-T-24TBM, 2018 WL 702977, at *3 (M.D. Fla. Jan. 18, 2018), *report and recommendation adopted,* No. 8:17-CV-650-T-24 TBM, 2018 WL 691840 (M.D. Fla. Feb. 2, 2018). Here, Plaintiff's limitations were accurately accounted for in both the hypotheticals to the VE and the RFC. Finally, *Hooper v. Saul* featured an unresolved conflict where Plaintiff had an RFC limitation on fine visual acuity but, unlike here, the DOT jobs provided by the VE required near acuity characteristics. No. 3:20-CV-00074-FDW, 2021 WL 411517, at *5 (W.D.N.C. Feb. 5, 2021). These cases are simply inapposite.

Ultimately, the undersigned agrees with Defendant that the ALJ need not have addressed a conflict between the VE's testimony and the DOT, as there was no conflict with respect to at least one of Plaintiff's past relevant jobs. Defendant's Motion for Summary Judgment should therefore be granted, and Plaintiff's Motion should be denied.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Defendant's Motion for Summary Judgment ECF No. 23, be GRANTED, and that Plaintiff's Motion for Summary Judgment, ECF No. 21, be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 25th day of January 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record