UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-61762-ALTMAN/Hunt

**QUESHI JOHNSON,**

    *Plaintiff*,

v.

**ACTING COMMISSIONER OF
SOCIAL SECURITY**,

    *Defendant.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This case came before us when the Plaintiff sought our review of an Administrative Law Judge's denial of the Plaintiff's various applications for Social Security benefits. *See* Complaint [ECF No. 1]. Both the Plaintiff and the Defendant filed cross-motions for summary judgment, and we referred those to Magistrate Judge Patrick M. Hunt for a report and recommendation. *See* Order Referring Case to Magistrate Judge Patrick M. Hunt [ECF No. 16]. And, on January 26, 2024, Magistrate Judge Hunt issued his Report and Recommendation (the "R&R") [ECF No. 25], in which he "RECOMMENDS that Defendant's Motion for Summary Judgment [ECF No. 23] be GRANTED and that Plaintiff's Motion for Summary Judgment [ECF No. 21] be DENIED." R&R at 1. Judge Hunt also issued the following warning:

> Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 10. More than fourteen days have passed, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must

review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 25] is **ACCEPTED and ADOPTED** in full.
2. The Plaintiff's Motion for Summary Judgment [ECF No. 21] is **DENIED**.
3. The Defendant's Motion for Summary Judgment is **GRANTED**.
4. A final judgment under FED. R. CIV. P. 58 is forthcoming.

**DONE AND ORDERED** in the Southern District of Florida on February 12, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record